Rebecca L. Trela (PA Bar No. 313555)
Michael C. Zogby (PA Bar No. 331478)
BARNES & THORNBURG LLP
1717 Arch Street, Suite 4900
Philadelphia, PA 19103
rebecca.trela@btlaw.com
michael.zogby@btlaw.com
Telephone: (445) 201-8900

Lauren Brogdon (*pro hac vice* forthcoming)
Morgan Haenchen (*pro hac vice* forthcoming)
Holton Farnum (*pro hac vice* forthcoming)
HAYNES AND BOONE, LLP
1221 McKinney Street, Ste. 4000
Houston, TX 77010
lauren.brogdon@haynesboone.com
morgan.haenchen@haynesboone.com
holton.farnum@haynesboone.com
Telephone: (713) 547-2000

*Attorneys for Defendant Exxon Mobil Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIC GENTILE and JANET GENTILE, h/w,<br>2386 Sumatran Way #58<br>Clearwater, FL 33763<br>*Plaintiffs*,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, f/k/a Bridgestone Firestone North American Tire, LLC, Successor-in-Interest to Bridgestone/Firestone, Inc., Successor-in-Interest to Firestone Tire & Rubber Company<br>200 4th Ave. South<br>Nashville, TN 273201;<br><br>EXXON MOBIL CORPORATION,<br>Successor-in-Interest to Exxon Corporation and Mobil Oil Corporation, | No.: _____ |

22777 Springwoods Village Parkway
Spring, TX 77389;

ENERGY TRANSFER (R&M), LLC, f/k/a SUNOCO, LLC (R&M) f/k/a/ Sun Company, Inc. and F/k/a/ Sun Oil Company, Inc.
3801 West Chester Pike
Newtown Square, PA 19073;

ASHLAND, INC. f/k/a Ashland, LLC, Successor-in-Interest to Ashland, Inc. f/k/a Ashland Oil, Inc., a Kentucky corporation
8145 Blazer Drive
Wilmington, DE 19808;

UNION OIL COMPANY OF CALIFORNIA d/b/a Unocal and AMSCO, Individually and as Successor in Interest to American Mineral Spirits Company a/k/a AMSCO
PO Box 6028
San Ramon, CA 94583;

PRESTIGE WELDERS, INC. d/b/a Eastern Car Construction Company
70 S. Franklin Street
Pottstown, PA 19464

        *Defendants*.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant Exxon Mobil Corporation ("ExxonMobil" or "Removing Defendant")[1] by and through undersigned counsel, hereby removes this state court action entitled *Gentile, et al. v. Bridgestone Americas Tire Operations, LLC, et al.*, October Term, 2024, No. 1674, filed in the Court of Common Pleas of Philadelphia County. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332. Upon information and belief, no defendant has been served at the time of this filing. In support of removal, Removing Defendant states as follows:

1. On or about October 15, 2024, Plaintiffs Dominic Gentile and Janet Gentile, as husband and wife, commenced this action against Removing Defendant by filing a Complaint in the Court of Common Pleas of Philadelphia County, captioned *Gentile, et al. v. Bridgestone Americas Tire Operations, LLC, et al.*, October Term, 2024, No. 1674 (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached **Exhibit A.**

2. In the State Court Action, Plaintiffs allege that Dominic Gentile was exposed to "benzene and benzene-containing products" manufactured and/or supplied by six defendants, which Plaintiffs allege caused Dominic Gentile to develop myelodysplastic syndrome ("MDS"). *See* Compl. ¶¶ 4-8. Plaintiffs assert seven causes of action against the defendants.

3. Removing Defendant has not yet been served with the Complaint in this action. Upon information and belief, and upon review of the State Court Action Docket, no other

---

[1] By removing this action to this Court, ExxonMobil does not waive any defenses, objections, or motions available under state or federal law. ExxonMobil expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, the doctrine of *forum non conveniens*, or any other applicable grounds.

3

defendant has yet been served with the Complaint in this action. A true and correct copy of the State Court Action Docket is attached **Exhibit B.**

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action as set forth in 28 U.S.C. § 1332, and Removing Defendant has satisfied the procedural requirements for removal.

**I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

5. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441(b) because (1) there is complete diversity of citizenship between the Plaintiffs and Defendants; and (2) the amount in controversy exceeds the jurisdictional threshold, exclusive of interests and costs.

**A. The Amount-In-Controversy Requirement Is Satisfied**

6. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2]

7. In their Complaint, Plaintiffs specifically request damages "in an amount in *excess* of Fifty Thousand Dollars ($50,000.00)," including compensatory relief as well as "punitive damages, costs, interest and delay damages" in the first 6 of their 7 counts.[3] *See* Compl. at unnumbered paragraphs at conclusion of Counts I through VII. This amounts to over $75,000.

---

[2] "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

[3] Plaintiffs do not request punitive damages with respect to the Loss of Consortium claim. *See* Compl. at Count VII.

8.  Further, Plaintiffs' Complaint asserts personal injury claims, which courts have recognized facially meet the $75,000 jurisdictional threshold. *See, e.g.*, *Napolitano v. Doherty*, No. 3:10-cv-806, 2010 WL 2195802, at *2 (M.D. Pa. May 27, 2010) (finding amount-in-controversy requirement met when plaintiff alleged "considerable medical and mental injury, as well as a loss of work and other pleasures of life" stemming from a car accident); *Strauss v. Ghuman Truck Serv., Inc.*, No. 15-0900, 2015 WL 1822576, at *3 (E.D. Pa. Apr. 22, 2015) (finding amount-in-controversy requirement met based "[o]n the face of the instant Complaint" where the plaintiff "claimed serious injuries, medical expenses, and present and future wage loss that clearly indicate[d] that the amount in controversy is in excess of $75,000"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. Mar. 1, 2001) (finding that complaint alleging various injuries from taking a prescription medicine "obviously asserts a claim exceeding $75,000").

9.  On the face of the Complaint, it is plain that Plaintiffs seek in excess of $75,000, exclusive of interest and costs. Accordingly, the amount in controversy is satisfied.

**B. Complete Diversity of Citizenship Exists Between the Parties.**

10. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

11. For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)).

12. Upon information and belief, Plaintiffs are citizens and residents of the State of Florida. *See* Compl. ¶¶ 3.

13.     For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 599 U.S. 77, 93 (2010). This is typically the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

14.     Removing Defendant ExxonMobil is incorporated in the State of New Jersey with its principal place of business in Texas, and therefore is a citizen of the States of New Jersey and Texas for purposes of determining diversity. Compl. ¶ 11(b); 28 U.S.C. § 1332(c)(1).

15.     For removal purposes, unincorporated entities such as limited liability companies and limited partnerships are citizens of all states where each of their members or partners is a citizen. *See Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016-17 (2016).

16.     Defendant Bridgestone Americas Tire Operations, LLC, f/k/a Bridgestone Firestone North American Tire, LLC, Successor-in-interest to Bridgestone/Firestone, Inc., Successor-in-Interest to Firestone Tire & Rubber Company, upon information and belief, is a limited liability entity with one member, Bridgestone Americas Tire Operations, LLC. *See* **Exhibit C**, Bridgestone Americas Tire Operations, LLC Corporate Disclosure Statement.

17.     Bridgestone Americas Tire Operations, LLC's sole member, Bridgestone Americas, Inc., is incorporated in the State of Nevada and maintains its principal place of business in the State of Tennessee; therefore Defendant Bridgestone Americas Tire Operations, LLC, is a citizen of the States of Nevada and Tennessee for purposes of determining diversity. *Id.*; 28 U.S.C. § 1332(c)(1).

18.    Defendant Energy Transfer (R&M), LLC f/k/a Sunoco, LLC (R&M) f/k/a Sunoco, Inc. (R&M) f/k/a Sun Company, Inc. and Sun Oil Company, Inc., upon information and belief, is a Pennsylvania limited liability entity with a sole ultimate corporate owner, ETP Holdco Corporation.  *See* **Exhibit D**, Energy Transfer (R&M), LLC Corporate Disclosure Statement, May 10, 2022.  ETP Holdco Corporation is incorporated in the State of Delaware, with its principal place of business in the State of Texas.  *See* **Exhibit E**, Amended Master Answer, Oct. 1, 2021, at p. 3 ("ETP Holdco Corporation is a Delaware Corporation with its principal place of business at 811 Westchester Drive, Dallas, Texas 75225") (filed and signed by ETP Holdco Corporation).  Therefore, Defendant Energy Transfer (R&M) LLC is a citizen of the State of Delaware and the State of Texas for purposes of determining diversity. Compl. ¶ 11(c); 28 U.S.C. § 1332(c)(1).

19.    Defendant Ashland, Inc. f/k/a Ashland, LLC, Successor-in-Interest to Ashland, Inc. f/k/a Ashland Oil, Inc., upon information and belief, is incorporated in the State of Delaware of with its principal place of business in the State of Delaware, and therefore is a citizen of the State of Delaware for purposes of determining diversity.  Compl. ¶ 11(d); 28 U.S.C. § 1332(c)(1).

20.    Defendant Union Oil Company of California d/b/a Unocal and AMSCO, upon information and belief, is a corporation organized under the laws of the State of California with a principal place of business in the State of Delaware, and therefore is a citizen of the State of California and the State of Delaware for purposes of determining diversity.  Compl. ¶ 11(e); 28 U.S.C. § 1332(c)(1).

21.    Defendant Prestige Welders, Inc. d/b/a Eastern Car Construction Company, upon information and belief, is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business in Pennsylvania, and therefore is a citizen of the

Commonwealth of Pennsylvania for purposes of determining diversity. Compl. ¶ 11(f); 28 U.S.C. § 1332(c)(1).

22. Thus, Plaintiffs and Defendants are completely diverse.

## II. REMOVING DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

23. Defendants have not yet been served with Plaintiff's Complaint, which was filed on October 15, 2024 in the Court of Common Pleas of Philadelphia County. Thus, Removing Defendant properly removes the case to federal court within thirty days of service. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b).

24. Consent of the non-removing defendants is not required because they have not been properly served. 28 U.S.C. § 1446(b)(2)(a).

25. Citizenship of the non-removing defendants, to the extent that they are residents and/or citizens of Pennsylvania, is disregarded for the purposes of diversity removal because they have not yet been served. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 137, 152 (3d Cir. 2018) (holding that "the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served.").

26. No previous application has been made for the relief requested herein.

27. No process, pleadings, orders, or other documents have been served on Removing Defendant, but Removing Defendant attaches a true and correct copy of Plaintiffs' Complaint as **Exhibit A** for the Court's reference. 28 U.S.C. § 1446(a). A true and correct copy of the State Court Action Docket is attached **Exhibit B.**

28. The Court of Common Pleas of Philadelphia County is located within the Eastern District of Pennsylvania. 28 U.S. Code § 118. Venue is therefore proper in this Court for purposes

of removal under 28 U.S.C. § 1441(a) because the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending."

29. Removing Defendant is not a citizen of the Commonwealth of Pennsylvania. *See* 28 U.S.C. § 1441(b); *supra* ¶ 14.

30. Pursuant to 28 U.S.C. § 1446(d), Removing Defendant will promptly give written notice of the original removal of this action to Plaintiffs via counsel. Removing Defendant will promptly file a copy of this Notice of Removal with the Court of Common Pleas of Philadelphia County as required by 28 U.S.C. § 1446(d).

31. By filing this Notice of Removal and the associated exhibits, Removing Defendant does not waive any objections it may have as to service, jurisdiction, venue, or any other claims, defenses, or objections that are or may be available to them in this action. Furthermore, Removing Defendant makes no admission of fact, law, or liability by this Notice of Removal, and it expressly reserves all defenses, motions, and pleas.

### III. CONCLUSION

32. All procedural requirements for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied, and this case is hereby removed to the Court's original jurisdiction under 28 U.S.C. § 1446(d).

33. WHEREFORE, because jurisdiction is proper under 28 U.S.C. § 1332, Removing Defendant prays that this civil action proceed in this Court as an action properly removed, and that no further proceedings be had in this case in the Court of Common Pleas of Philadelphia County.

Dated: October 25, 2024                 Respectfully submitted,

                                                        By: *s/Rebecca L. Trela*
                                                        Rebecca L. Trela (PA Bar No. 313555)

Michael C. Zogby (PA Bar No. 331478)
BARNES & THORNBURG LLP
1717 Arch Street, Suite 4900
Philadelphia, PA 19103
rebecca.trela@btlaw.com
michael.zogby@btlaw.com
Telephone: (445) 201-8900

Lauren Brogdon (*pro hac vice* forthcoming*)*
Morgan Haenchen (*pro hac vice* forthcoming)
Holton Farnum (*pro hac vice* forthcoming)
HAYNES AND BOONE, LLP
1221 McKinney Street, Ste. 4000
Houston, TX 77010
lauren.brogdon@haynesboone.com
morgan.haenchen@haynesboone.com
holton.farnum@haynesboone.com
Telephone: (713) 547-2000

*Attorneys for Defendant Exxon Mobil Corporation*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 25, 2024, a true and correct copy of the foregoing Notice of Removal was served upon the following via the Court's electronic notification system and is available for viewing and downloading from the ECF System.  I also served a copy via electronic mail on the following:

> Andrew J. Dupont, Esq.
> Sharice C. Wallace, Esq.
> LOCKS LAW FIRM
> 601 Walnut St., Ste. 720E
> Philadelphia, PA 19106
> (215) 313-9858
> adupont@lockslaw.com
> swallace@lockslaw.com
>
> *Counsel for Plaintiffs*

*s/Rebecca L. Trela*
Rebecca L. Trela
